**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DISTRICT**

**George W. Svoboda, an Individual,**

Plaintiff,

v.

**Rural Telecom Experts, Inc.; Digital Solutions Inc.; and John Doe Corporation dba Executive Lending Unit,**

Defendants.

Case No.: 1:26-cv-3559

Honorable Sara L. Ellis, presiding

**FIRST AMENDED COMPLAINT**

Plaintiff, George W. Svoboda, on his own account acting pro se, hereby files this First Amended Complaint against Defendants Rural Telecom Experts, Inc., Digital Solutions Inc., and John Doe Corporation dba Executive Lending Unit. In furtherance of the same, Plaintiff respectfully states as follows:

**NATURE OF THE ACTION**

1. This action ("Action") arises out of Defendants' willful and knowing violation of the Telephone Consumer Protection Act (TCPA) 47 USCS § 227 and violation of the Illinois Automatic Telephone Dialers Act 815 ILCS 305/30 (the "Dialer Act") and the Illinois Telephone Solicitations Act 815 ILCS 413/15 and 815 ILCS 413/25 (the "Solicitation Act"). Defendants violated the TCPA, the Dialer Act, and the Solicitation Act beginning in January 2026, by using an automated dialer to call Plaintiff's cell phone multiple times per day to solicit a loan or to defraud Plaintiff through trick or deceit.

2. Plaintiff originally filed this action against John Doe Corporation dba Executive Lending Unit because the caller used the name "Executive Lending Unit" but did not disclose its

true legal identity.

3. The Court subsequently authorized limited discovery concerning the identity of the caller and granted Plaintiff leave to file an amended complaint.

4. In response to a subpoena issued to Lingo Telecom, LLC d/b/a Excel Telecommunications, a Lingo Telecom subsidiary, Hypercube Networks, LLC identified Rural Telecom Experts, Inc. as the company with which Hypercube had a contractual relationship concerning toll-free number 866-398-3898, the callback number used in the prerecorded loan messages received by Plaintiff.

5. The same subpoena response identified Digital Solutions Inc. as the company associated through Hypercube with toll-free number 877-578-3476 and produced service and know-your-customer records concerning both Rural Telecom Experts, Inc. and Digital Solutions Inc.

6. A separate notice issued by the Federal Communications Commission identified Digital Solutions Inc. as an originating provider for substantially similar prerecorded financial-services and loan-approval calls and stated that Digital Solutions had identified customers as the sources of the investigated calls.

7. The precise division of responsibility among Rural Telecom Experts, Inc., Digital Solutions Inc., and the still-unidentified entity using the name Executive Lending Unit is information within Defendants' possession and cannot be determined fully before party discovery.

8. Plaintiff therefore alleges Defendants' respective roles in the alternative as permitted by Federal Rule of Civil Procedure 8(d).

## THE PARTIES

9. Plaintiff, George W. Svoboda, is an individual and citizen of Illinois who resides in

Lakemoor, Illinois, in McHenry County, Illinois.

10. Defendant Rural Telecom Experts, Inc. is a corporation or other business entity whose state of incorporation, principal place of business, and current service address will be confirmed through discovery and available governmental records.

11. On information and belief, Rural Telecom Experts, Inc. contracted for, subscribed to, controlled, managed, or permitted the use of toll-free number 866-398-3898 during the period relevant to this action.

12. Defendant Digital Solutions Inc. is a corporation or other business entity. An FCC notice dated April 2, 2026 identifies its chief executive officer as Richard Anderson and lists an address of 1050 Curtis Street, Denver, Colorado 80202.

13. On information and belief, Digital Solutions Inc. provides voice-service, call-origination, telecommunications, or related services through which customers can originate telephone traffic.

14. Defendant John Doe Corporation dba Executive Lending Unit is the presently unidentified entity that selected or supplied Plaintiff's telephone number, supplied or approved the prerecorded loan-solicitation message, caused the calls to be launched, operated or used the name "Executive Lending Unit," received returned calls, or acted as the customer or end user of Rural Telecom Experts, Inc. or Digital Solutions Inc.

15. Plaintiff will substitute the true legal name of the Doe Defendant when that identity is learned through discovery.

16. At all relevant times, each Defendant acted directly, through its agents, or in concert with one or more of the other Defendants. In the alternative, one or more Defendants supplied only telecommunications or platform services while another Defendant selected the recipients,

message, timing, and purpose of the calls.

## JURISDICTION AND VENUE

17. This Court has original jurisdiction over Count I of this Action pursuant to 28 USCS § 1331, in that Count I involves a violation of Federal statute, specifically the Telephone Consumer Protection Act, 47 USCS § 227

18. This Court has supplemental jurisdiction over Counts II and III of this Action pursuant to 28 USCS § 1367, because those claims arise from the same calls and form part of the same case or controversy as the Count I claim.

19. This Court has personal jurisdiction over each Defendant. The Illinois long-arm statute permits the exercise of personal jurisdiction on any basis permitted by the Illinois Constitution and the Constitution of the United States, 735 ILCS 5/2-209(c), including over any person who transacts business within Illinois or commits a tortious act within Illinois, 735 ILCS 5/2-209(a)(1)–(2).

20. On information and belief, Rural Telecom Experts, Inc. is subject to personal jurisdiction in Illinois because it contracted for, subscribed to, or controlled toll-free number 866-398-3898 knowing or intending that the number would be used to place repeated automated calls to Illinois telephone subscribers, including Plaintiff, and Plaintiff's claims arise directly from that conduct.

21. On information and belief, Digital Solutions Inc. is subject to personal jurisdiction in Illinois because it originated, transmitted, hosted, or facilitated prerecorded loan-solicitation calls as part of the same or a substantially similar campaign that repeatedly targeted Plaintiff's Illinois cellular telephone number, thereby purposefully availing itself of the privilege of conducting activities within Illinois.

22. John Doe Corporation dba Executive Lending Unit is subject to personal jurisdiction in Illinois because it selected Plaintiff's Illinois telephone number for solicitation, caused repeated calls to be placed into Illinois, and transacted business with Plaintiff by telephone within the State, including the March 27, 2026 call described below.

23. Venue is proper in, and Defendants are subject to the jurisdiction of, this Court pursuant to 28 USCS § 1391(b)(2), because a substantial part of the events giving rise to the claims occurred in McHenry County, Illinois, which is within this judicial district.

24. Defendants purposefully directed telephone solicitations into Illinois by causing repeated calls to be placed to Plaintiff's Illinois cellular telephone number and by leaving messages directing Plaintiff to return the calls.

## FACTUAL ALLEGATIONS

25. Beginning on or about January 21, 2026, Defendants began calling Plaintiff at Plaintiff's personal cell phone.

26. Plaintiff did not provide prior express consent to receive the calls. Because the calls constituted telemarketing delivered by an artificial or prerecorded voice, Defendants were required to obtain Plaintiff's prior express written consent. 47 C.F.R. § 64.1200(a)(2), (f)(9). Plaintiff never signed any writing authorizing any Defendant to call him using an autodialer or an artificial or prerecorded voice.

27. Defendants played an automated message claiming Plaintiff had applied for a loan and a file was open.

28. Plaintiff never applied for a loan with any Defendant and had no prior or existing business relationship with any Defendant.

29. Plaintiff believes that Defendants were either trying to obtain personal information

from Plaintiff by trick and deceit or were using aggressive loan solicitation tactics.

30. Defendants would call on average three times per day, including daily calls between 6:00 p.m. and 10:00 p.m.

31. Defendants frequently called from numbers with the 434 area code but also called from other numbers with other area codes.

32. Defendants used dozens to hundreds of numbers, so blocking numbers did not stop the calls.

33. After receiving approximately three phone calls, Plaintiff answered the next call.

34. Plaintiff was unable to interrupt the automated message.

35. Plaintiff pressed ‘9’ to opt out.

36. The calls continued.

37. Between January 21, 2026 and the filing of the original Complaint, Plaintiff received at least 50 calls from Defendants.

38. Plaintiff has blocked and reported calls, but the calls continue.

39. One representative prerecorded message stated substantially as follows:

> *Hello, this is Marissa, senior loan specialist, assigned to your file. Good afternoon. This is Marissa Morgan with the loan review unit and I'm the assigned underwriter to your file. I see notes here. We took another look at your file earlier this week and it appears you almost approved for $67,000. Depending on your income situation, you have 3 terms and options to select from. I just wanted to connect so we can walk through the details together and go over your terms and finalize your funding. When you get a chance, please give me a call back at 866-398-3898. Again, that's 866-398-3898. I'll be available most of the afternoon and would be happy to go over everything with you.*

40. On Friday, March 27, 2026, Plaintiff called Defendants back at the number left on the

voicemail message, 866-398-3898.

41. The representative who answered the phone knew Plaintiff's name.

42. The representative stated Plaintiff had called the Executive Lending Unit in Tampa, Florida.

43. Plaintiff asked the representative to be put on the do-not-call list.

44. Defendants continued to call Plaintiff, leaving another message on Monday, March 30, 2026.

45. Plaintiff has been interrupted during the business day and during the evening. The phone calls from Defendants prevent Plaintiff from using his phone, which he also uses for business.

46. Plaintiff subpoenaed records to identify the party associated with 866-398-3898.

47. Hypercube Networks, LLC responded that it had a contractual relationship with Rural Telecom Experts, Inc. concerning 866-398-3898 and 844-515-1201.

48. Hypercube's response separately identified Digital Solutions Inc. as associated with 877-578-3476 and stated that it possessed master service agreements, toll-free service schedules, invoices, and know-your-customer documentation for Rural Telecom Experts, Inc. and Digital Solutions Inc.

49. Plaintiff attempted to subpoena Rural Telecom Experts, Inc. and Digital Solutions Inc., but was unable to complete personal service at their registered-agent addresses. A mailed subpoena to Rural Telecom Experts, Inc. was returned because there was no mailbox, and Digital Solutions Inc. did not respond to the mailed subpoena.

50. The failure to obtain responses from those entities has prevented Plaintiff from determining before amendment which Defendant supplied the recipient list, selected the timing of

the calls, supplied or approved the message, launched the campaign, operated the callback center, or acted as the end user.

51. On information and belief, Rural Telecom Experts, Inc. subscribed to, controlled, managed, assigned, or knowingly permitted the campaign's use of 866-398-3898 as the callback number.

52. On information and belief, John Doe Corporation dba Executive Lending Unit operated or benefitted from the loan-solicitation campaign and supplied or used Plaintiff's personal information when its representative identified Plaintiff by name.

53. On information and belief, Digital Solutions Inc. originated, transmitted, hosted, facilitated, or provided services used for prerecorded financial-services calls, but Plaintiff requires discovery to determine whether Digital Solutions originated or otherwise participated in the specific calls to Plaintiff.

54. To the extent any telecommunications or platform-provider Defendant selected or controlled the message, recipients, timing, caller-identification information, callback numbers, or launch of the calls; knowingly allowed unlawful calls to continue; or otherwise was substantially involved in placing the specific calls, that Defendant made or initiated the calls for purposes of the TCPA.

55. Alternatively, if Rural Telecom Experts, Inc. or Digital Solutions Inc. acted only as a passive carrier without sufficient involvement to initiate the calls, John Doe Corporation dba Executive Lending Unit was the person or entity that made or initiated the calls and is directly liable for them.

56. Defendants possess the records necessary to determine their respective roles, including subscriber records, call-detail records, customer-identification records, traffic records, campaign

records, recipient lists, recordings, invoices, and communications.

57. The Solicitation Act does not apply to a "telecommunications carrier" as defined in Article XIII of the Illinois Public Utilities Act, or to that carrier's affiliates, subsidiaries, employees, or agents. 815 ILCS 413/10. To the extent that exemption applies to any Defendant's conduct alleged in this Complaint, Plaintiff asserts Count III below against that Defendant only in the alternative and to the extent discovery shows the exemption does not apply, and asserts Count III principally against John Doe Corporation dba Executive Lending Unit, the entity that solicited the sale of loan services to Plaintiff.

## COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 USCS § 227

58. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1–57 as if fully set forth in this Count.

59. The TCPA states that calling an individual's cell phone with an automatic dialer is a violation of the act, specifically:

> *(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;*
> *47 U.S.C.S. § 227 (LexisNexis, Lexis Advance through Public Law 119-73, approved January 23, 2026, with a gap of Public Law 119-70)*

60. Because the calls constituted telemarketing delivered using an artificial or prerecorded

voice, Defendants were also required to obtain Plaintiff's prior express written consent before calling. 47 C.F.R. § 64.1200(a)(2).

61. Defendants used an automatic telephone dialing system to repeatedly call Plaintiff's cell phone.

62. Defendants made at least 50 calls to Plaintiff's cell phone between January 21, 2026 and the time of the original filing.

63. The TCPA provides statutory damages of $500.00 per violation.

64. At a minimum, the calls made after Plaintiff pressed '9' and expressly asked a live representative on March 27, 2026 to stop calling were knowing or willful violations. To the extent a provider Defendant had actual notice that the campaign was unlawful and nevertheless permitted substantially similar calls to continue, its violations were likewise knowing or willful.

65. The TCPA provides for treble damages for knowing or willful violations. 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT II – VIOLATION OF THE ILLINOIS AUTOMATIC TELEPHONE DIALERS ACT 815 ILCS 305/30

66. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1–57 as if fully set forth in this Count.

67. It is a violation of the Dialer Act to play a prerecorded message with an autodialer, specifically: "(b) It is a violation of this Act to play a prerecorded message placed by an autodialer without the consent of the called party." 815 Ill. Comp. Stat. Ann. 305/30.

68. Defendants played prerecorded solicitations by calling Plaintiff with an autodialer.

69. Defendants violated the Dialer Act over 50 times by calling Plaintiff in the manner above.

70. The Dialer Act provides for statutory damages of $500.00 per violation.

WHEREFORE, Plaintiff prays for relief as set forth below.

**COUNT III – VIOLATION OF THE ILLINOIS TELEPHONE SOLICITATIONS ACT 815 ILCS 413/25**

71. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1–57 as if fully set forth in this Count.

72. The Solicitation Act requires "(3) if the person called requests to be taken off the contact list of the business or organization, the operator must refrain from calling that person again and take all steps necessary to have that person's name and telephone number removed from the contact records of the business or organization so that the person will not be contacted again by the business or organization." 815 Ill. Comp. Stat. Ann. 413/15.

73. Defendants continued to call Plaintiff after Plaintiff demanded to a live operator on March 27, 2026 that he be placed on the do-not-call list, in violation of 815 ILCS 413/25(a).

74. Plaintiff has suffered damages for violations of the Solicitation Act due to time wasted reviewing and deleting messages and unproductive time due to his phone being occupied by the solicitations.

75. Plaintiff's damages are currently $500.00, but the calls continue.

76. The Solicitation Act provides for treble damages. 815 ILCS 413/25(d).

WHEREFORE, Plaintiff prays for relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against the Defendant or Defendants proven responsible:

a. For statutory treble damages in the amount of at least $75,000.00 for violation of the TCPA;

b. For statutory damages of at least $25,000.00 for violation of the Dialer Act;

c. For actual and treble damages under the Solicitation Act;

d. For pre-judgment and post-judgment interest as allowed by law;

e. For costs of suit; and

f. For such other legal or equitable relief as the Court deems just and proper.

Respectfully submitted,

**George W. Svoboda**

/s/ George W. Svoboda
Plaintiff, pro se

George W. Svoboda
ARDC No. 6220463
The Law Office of George W. Svoboda
P.O. Box 1299
McHenry, IL 60051
(224) 360-0696 – Phone
Email: george@georgesvobodalaw.com